## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **DONNA KOEPPEL, individually, and as parent of Grace LaBruno, a minor,** | Civ. No. 08-cv-04543 (KM) |
| **Plaintiffs,** | **OPINION & ORDER** |
| **v.** |  |
| **ANDREW BASSETT, individually and in his capacity as an Officer of the Township of Nutley Police Department, ERIC STABINSKI, individually and in his capacity as an Officer of the Township of Nutley Police Department, and TOWNSHIP OF NUTLEY,** |  |
| **Defendants.** |  |

### KEVIN MCNULTY, U.S.D.J.:

Defendants have requested that the Court conduct a pretrial *voir dire* examination pursuant to Federal Rule of Evidence 104 to determine the competency of Grace LaBruno as a witness. *See* FED. R. EVID. 104(a), (c). Miss LaBruno, now eleven, is the daughter of plaintiff Donna Koeppel; she was three years old at the time of the arrest that gave rise to this case. The defendants have expressed a concern that Grace LaBruno's memory may not be reliable, or that it may have been influenced by conversations with her mother over the years. Defendants have not, however, offered psychological or other expert testimony as to the capacity of this child witness. At oral argument, defense counsel made it clear that the relief they currently seek is limited: only that the court convene an informal hearing in chambers at which the court would ask Miss LaBruno a handful of questions, preferably questions agreed on by the

1

parties. Koeppel replies that defendants should have elicited evidence regarding competency during Miss LaBruno's deposition, and that all other matters may be handled in cross-examination.

I granted the limited relief requested by the defendants. I received from the parties an agreed-upon list of *voir dire* questions. On February 20, 2015, I met with Grace LaBruno, her mother, and all counsel. The session was conducted in chambers, but on the record. At the session, all sat at a conference table. I addressed the agreed-upon questions directly to Grace LaBruno, who was seated next to me, and followed up to a limited extent as necessary to develop her answers. The agreed-upon questions were these:

1. What is your name?
2. How old are you?
3. When is your birthday?
4. Do you have any brothers or sisters?
5. What are their names?
6. How old are they?
7. Do you have any trouble seeing? Glasses? Have you ever?
8. Do you have any trouble hearing? Have you ever?
9. Do you go to school?
10. What school do you go to?
11. What grade are you in?
12. Who is your teacher?
13. Where do you live?
14. How long have you lived there?
15. Do you know the difference between right or wrong? Explain?
16. Do you know what a lie is? What is a lie?
17. Do you promise to tell the truth about happened in this case?
18. Do you remember the events of January 3, 2007, when the police came to your house?
19. Do you remember where you lived in January 2007?
20. How old were you?
21. Where you at school that day?
22. What happened that day?
23. Since that day, what has your mom told you about that day?
24. Where were you when you saw these events?
25. How could see them?
26. How could you hear what they were saying?

Federal Rule of Evidence ("FRE") 601 states: "Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state

law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." In this case, Koeppel asserts claims for false arrest and excessive force under 42 U.S.C. § 1983, as well as state common law tort claims for false arrest, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Miss LaBruno's testimony is expected to provide support for both the federal and state law claims. (*See* Final Pre-Trial Order, Dkt. No. 125, at 15) I will therefore assess her competency under federal law and New Jersey law, as required by Rule 601. Both analyses strongly favor a finding of competency.

Federal Rule 601 abolishes the categorical disqualification of witnesses based on age and creates a presumption of competency. *See* FED. R. EVID. 601. Despite this presumption, "the issue remains whether the child had at the time of the events in question sufficient capacity to observe and at the time of trial has sufficient capacity to recollect, communicate, and understand the importance of telling the truth." Wright and Gold, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE 2D § 6005.3. Accordingly, a party concerned that the testimony of a child witness has been unduly influenced by another can still object that the child is unable to testify from personal knowledge. *See* Fed. R. EVID. 602. The objecting party, however, must show that the child did not perceive the events in question or is testifying from suggestion rather than her own recollection; mere assertion of such concerns is not enough. Without this showing, the child witness will be presumed competent so long as she is able to express herself and understand her duty to tell the truth. *See United States v. Thai*, 29 F.3d 785 (2d Cir. 1994) (affirming district court's finding that a six and one-half year old witness to a robbery was competent to testify at trial because she exhibited intelligence and "understood the process and knew what this was about.")

New Jersey law also favors the admission of a child's testimony.  New Jersey Rule of Evidence ("NJRE") 601 states:

> Every person is competent to be a witness unless (a) the judge finds that the proposed witness is incapable of expression

3

concerning the matter so as to be understood by the judge and jury either directly or through interpretation, or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth, or (c) except as otherwise provided by these rules or by law.

Like its federal counterpart, the New Jersey rule presumes that every person is competent to be a witness unless the rules themselves provide otherwise. The standards that govern individual competency determinations do not change based upon the age of the witness. *See, e.g., State v. Michaels*, 136 N.J. 299, 308 (1994) ("Children, as a class, are not to be viewed as inherently suspect witnesses."); *State v. R.W.*, 104 N.J. 14, 19 (1986) (holding that the appellate court erroneously concluded that a mental examination was necessary based solely on the age of the three-year-old testifying victim).

In deciding whether a child witness is competent to testify, the Court must be guided by NJRE 601's three exceptions to the presumption of competency. The Court must determine that the child is able to "understand questions and to frame and express intelligent answers." *State v. Grossmick,* 153 N.J. Super. 190, 192, 379 *A.*2d 454 (App. Div.1976) The Court must also determine that the child can distinguish between truth and falsehood and appreciate the duty of truthfulness. *See State v. Zamorsky*, 159 N.J. Super. 273 (App. Div. 1978). A possible defect in memory—something that may be of particular concern in this case—is insufficient to overcome the presumption of competency. "[M]emory, or lack thereof, bears only upon the weight that the trier of act should attribute to the testimony." *State v. Davis*, 229 N.J. Super. 66, 77 (App. Div. 1988). And of course the court must consider whether any other rule or law bars the witness's testimony, although no such claim is raised here.

Having posed the agreed-upon questions to Grace LaBruno and heard her answers, I am satisfied that she is competent to testify at trial. She seems to be mature and self-possessed beyond her eleven years of age. She

4

articulated a rational and coherent answer to each question. She appreciates the difference between truth and falsehood. She knows that when she answers questions in Court, she must promise to be truthful. She conveyed a clear sense that not telling the truth is bad or wrong. Although I recognize that certainty or vividness of recollection does not necessarily correlate to accuracy, I do find it significant that she was deeply affected by the January 3, 2007 altercation. Miss LaBruno became emotional, but remained in control, when I asked her to describe what she witnessed that day. She remembered that her neighbor took bricks from her yard and that her mother called the police. After the police arrived, she said, she watched through the glass storm door at the front of her house as the defendants "beat up" Koeppel. She was able to see and hear clearly. She said that, as a result of witnessing this alleged assault on her mother, she has experienced nightmares and has seen a therapist. She freely acknowledged that, over the years, she has discussed the altercation with her therapist and with her mother. It is not implausible that such discussions could have influenced a child's memory. The mere possibility of suggestion, however, is insufficient to overcome the presumption of competency. I note also that, although Miss LaBruno is now eleven, her current testimony is consistent with deposition testimony she gave in 2009, when she was six. As stated above, the defendants have not submitted any psychological or other expert testimony regarding Miss LaBruno's testimonial capacity. Nevertheless, common experience suggests that the accuracy of a child's memory of events that occurred at the age of three is open to question. That, however, is fodder for cross-examination, not a basis for wholly excluding the testimony.

The bar for competency is not high under federal or New Jersey law. Based on the foregoing, I find that Grace LaBruno has cleared it.

## ORDER

For the reasons expressed above, and the requested pretrial hearing having been held,

**IT IS** this 27th day of February, 2015,

**ORDERED**, that the plaintiff's motion *in limine* is **DENIED** and Grace LaBruno is found competent to testify.

**KEVIN MCNULTY**
**United States District Judge**

6